UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHRISTOPHER JAY TAYLOR, | ) | CASE NO. 4:05 CV0620 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN T.R. SNIEZEK, et al., | ) | |
| | ) | |
| Respondents. | ) | |

On February 23, 2005, pro se petitioner Christopher Jay Taylor filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Taylor, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), names F.C.I. Elkton Warden T.R. Sniezek as respondent. The petitioner is seeking a correction of "BP 338- Custody Classification Form" and his Presentence Report (PSR) to reflect the "accurate information" he furnished to the Bureau of Prisons (BOP). He seeks relief from this court under the Privacy Act, 5 U.S.C. § 552a, et seq.

*Background*

On November 19, 2004, petitioner submitted a Request for Administrative Remedy, Informal Resolution Form to F.C.I. Elkton. The specific complaint for which he was seeking a resolution was based on the fact that "I am being scored an addition of 4 point [sic] on my base score (BP 338) for a crime I was never convicted of." (Informal Res., Attach. A.) Mr. Taylor explained that he was charged with aggravated battery in the State of Florida on August 22, 1991, Florida v. Taylor, No. 91074722, which was reduced to "misdemeanor battery." Petitioner pled not guilty to the reduced charges on September 16, 1991. He claims he entered a "deferred prosecution program" and his not guilty plea was "ratified" in Dade County Florida Circuit Court. He requested a correction of the Prior History of Violence on his BP 338 to reflect "no prior violence." He added that the Informal Resolution should reflect his "notice" is pursuant to 5 U.S.C. §552a(g)(1)(C) & (D).

The prison staff responded on December 8, 2004 stating, "[y]our history of violence is scored due to withheld adjudication in a prior case. Your custody classification form is within compliance with the Custody Classification manual PS 5100.07. Your complaint is vague as you do not specify what 4 points you refer to." Id.

Mr. Taylor appealed to F.C.I. Elkton's warden, who denied his Request for Administrative Remedy on January 14, 2005. In his letter to Mr. Taylor, Warden Sniezek explained that a review of the docket sheet in the Dade County Clerk's office revealed that the matter was left as "Withheld Adjudication-Probation Special Condition." He advised that under "Program Statement 5100.07, Security Designation and Custody Classification Manual, Appendix B, Page 5, it states that sentences with a specification finding of 'Withheld Adjudication' will be considered the same as if the judge made a finding of guilt." (Letter from Sniezek to Taylor of 1/14/05.) The warden added that

> File material reveals you were in an altercation with a female in which you slammed her hand in a vehicle door and then pulled the victim out of the vehicle. Upon having the victim out of the vehicle, you proceeded to drag her on the ground, kicking her in the chest and punching her in the cheek. Based upon this information, a history of serious violence between 10-15 years is applicable in regards to your Custody Classification Form.

(Letter from Sniezek to Taylor of 1/14/05.) It appears that Mr. Taylor's subsequent appeals to both the Regional Director and the Office of General Counsel were denied on February 3, 2005 and January 18, 2005, respectively.[1]

*Analysis*

In his petition before this court Mr. Taylor asserts that inaccurate information in his presentence report is "being maintained by the Bureau of Prisons personnel in the 'PSR'. He claims that this information is causing the Bureau to add an additional 4 custody classification points on his "Custody Classification Form," BP 338. As a result, he complains that he was not permitted to go to a prison camp and was maintained "in custody" at F.C.I. Elkton in a "low" custody facility with the BOP.

It is Mr. Taylor's position that Appendix B, page 5 of PS 5100.07 violates the clear language of the P.S. 5100.07, Chapter 9 which excludes prior offenses in which there was not a conviction or finding of guilt. He adds that United States Sentencing Guideline §4A1.1(c) and (f) and

---

[1]The response from the Office of General Counsel is dated "January 18, 2005"; however, a logical chronology would suggest that the date is a typographical error, which should more likely read "February 18, 2005."

the Third Circuit in "United States v. Porter, 51 F. Supp.2d ___ (3d Cir. 2004)" support his position.[2] He proffers that the BOP's refusal to correct his BP 338 and the PSR to reflect the "accurate information" he furnished are in violation of Sellers v. BOP, 959 F.2d 307 (D.C. Cir. 1992), Porter and 5 U.S.C. §552a(g)(1)(c) and (d) and (d)(2)(A)(B)(ii).

*28 U.S.C. § 2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentences shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d. Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977).

This case clearly involves a challenge to the manner in which the BOP is executing Mr. Taylor's sentence. Further, he has filed this petition against his custodian and exhausted his administrative remedies. See Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981) (federal prisoner must first exhaust his available remedies before filing a § 2241 petition for habeas corpus relief). The court will now examine the merits of his claim under the Privacy Act.

*Privacy Act Claim, 5 U.S.C. § 552a*

---

[2]Petitioner's inaccurate and incomplete case citation precludes the court from addressing this purported decision.

Mr. Taylor's claims under the Privacy Act lack merit. Neither Sellers nor the Privacy Act mandate that the BOP verify the accuracy of information or cease using that information. Pursuant to 5 U.S.C. § 552a(j), the BOP's inmate records systems are exempt from the access and amendment provisions of the Privacy Act. See 28 C.F.R. § 16.97(a); White v. United States Probation Office, 148 F.3d 1124, 1125 (D.C.Cir.1998) (per curiam); Deters v. United States Parole Comm'n, 85 F.3d 655, 658 n. 2 (D.C.Cir.1996); see e.g. Meyer v. Federal Bureau of Prisons, 940 F. Supp. 9, 13 (D.D.C.1996) (Federal prisoner not entitled under Privacy Act to amendment of his custody classification form, since BOP regulations exempted such form from Privacy Act's amendment requirements). Although the inmate records systems are not exempt from § 552a(e)(5)'s accuracy requirements, see Deters, 85 F.3d at 658 n. 2, the Act permits only suits for damages for violations of this provision. See § 552a(g)(1)(C) and (4); Risley v. Hawk, 108 F.3d 1396, 1397 (D.C.Cir.1997) (per curiam). The injunctive relief Mr. Taylor seeks for records that are not subject to amendment is, therefore, not available. See Risley, 108 F.3d at 1397.

*Classification Violates Due Process*

To the extent Mr. Taylor is arguing that the BOP's classification "error" deprived him of being placed in a lower security facility without due process, he has not stated a cognizable injury. Prisoners generally do not have a due process liberty interest in their placement and classification while incarcerated. See Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). To establish the existence of a liberty interest, a prisoner must show that he has been subjected to an "atypical and significant hardship ... in relation to the ordinary incidents of prison life," see Sandin v. Conner, 515 U.S. 472, 484 (1995), or that the government's action "will inevitably affect the duration of his sentence." Id. at 487. Petitioner

has made neither showing. Therefore, his due process complaint about the decision to not permit his placement in a prison camp fails to state a constitutional claim and he is not entitled to injunctive relief under the Privacy Act.

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: July 6, 2005

s/ Peter C. Economus

PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE